UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23098-CIV-LENARD/GOODMAN

L.F., *as natural mother and legal guardian of J.F., a minor*,

    Plaintiff,

v.

NCL (BAHAMAS), LTD.,

    Defendant.
_____/

## ORDER CONCERNING PRODUCTION OF SURVEILLANCE VIDEO

Plaintiff filed a Notice of Hearing on March 17, 2016, setting a Discovery Hearing before the Undersigned to address numerous issues. [ECF No. 37]. The Court held a hearing on April 1, 2016 to address the issues. At the conclusion of the hearing (and as memorialized in the Post-Hearing Administrative Order [ECF No. 39]), the Undersigned ordered Defendant NCL (Bahamas), Ltd. ("NCL") to submit the CCTV video of the incident to Chambers for *in camera* review to determine whether unique circumstances exist to allow NCL to withhold the video footage until after NCL has taken direct testimony of Plaintiff at a deposition. NCL submitted the video and the Undersigned has now reviewed it.

In *Terman v. NCL (BAHAMAS), LTD.*, No. 14-24727-CV, 2015 WL 3892508 (S.D. Fla. June 16, 2015*)*, the Undersigned denied NCL's request to establish a specific discovery sequence after noting that the cruise ship operator failed to demonstrate risk

of prejudice and specifically pointed out that there were not significant differences between plaintiff's one-sentence written statement and the allegations in the complaint.

Here, the grainy videos provided by NCL do not provide a particularly clear view of the incident generally. Additionally, the one alleged difference between Plaintiff's interrogatory response and the actual incident (as flagged by NCL's counsel to the Court in an *ex parte* argument during the hearing) is (1) not a momentous factual difference generally, and (2) not a significant factor in the case. Accordingly, under the present circumstances, the Undersigned does not believe that "due to the unique circumstances of this case, Defendant could be prejudiced" by producing the video before the deposition. *See Ordonez v. NCL (Bahamas) Ltd.*, No. 13-24262-CIV, ECF No. 28 (S.D. Fla. Mar. 7, 2014). NCL is free to question Plaintiff about the single alleged factual discrepancy during the deposition and potentially during cross-examination at trial. It is unnecessary to take extraordinary steps in the sequencing of discovery responses based upon this single issue.

Therefore, NCL shall, by April 11, 2016, produce the video to Plaintiff.

**DONE AND ORDERED** in Chambers, in Miami, Florida, April 7, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Joan A. Lenard
All Counsel of Record